# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Mark Filip | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7887 | **DATE** | 4/5/2004 |
| **CASE TITLE** | VICKIE SHUPE vs. FORD MOTOR COMPANY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION Denying Ford Motor Company's Motion for Partial Summary Judgment On Count I of Plaintiff's Complaint at Law [12-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | 4-6-04 date docketed | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | | 93 |
| | Mail AO 450 form. | GL docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TBK courtroom deputy's initials | | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



APR 0 6 2004

VICKIE SHUPE, Administrator of the Estate of )
JAMES W. SHUPE, Deceased )
) Case No. 03 C 7887
Plaintiff, )
) Judge Mark Filip
v. )
)
FORD MOTOR COMPANY, a Foreign )
Corporation, )
)
Defendant. )

## MEMORANDUM OPINION DENYING FORD MOTOR COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT I OF PLAINTIFF'S COMPLAINT AT LAW

Defendant has moved for partial summary judgment on the ground that Count I of Plaintiff's complaint is barred by the Illinois statute of repose governing product liability actions, 735 Ill. Comp. Stat. 5/13-213(b). As explained below, Defendant's motion is denied because of Defendant's failure to authenticate the critical document it cited in support of its motion and Defendant's related failure to supply a statement of material facts in conformity with Local Rule 56.1.

In Count I of her three-count complaint, Plaintiff, the Administrator of the Estate of James Shupe, asserts a strict liability cause of action alleging that Mr. Shupe was killed on October 11, 2003, when his car was struck head-on by a 1992 Ford Aerostar Mini-van driven by Colleen Burnett. Plaintiff alleges that the 1992 Ford Aerostar was unreasonably dangerous and defective when it left the possession and control of Defendant, the manufacturer of the Aerostar, and that the dangerous condition of the Aerostar proximately caused the death of Mr. Shupe.

23

Plaintiff filed suit on November 5, 2003 seeking damages recoverable under The Illinois Wrongful Death Act.

The Illinois statute forming the basis of Defendant's motion for summary judgment states, in pertinent part, as follows:

> ... [N]o product liability action based on the doctrine of strict liability in tort shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, *whichever period expires earlier,* of any product unit that is claimed to have injured or damaged the plaintiff, unless the defendant expressly has warranted or promised the product for a longer period and the action is brought within that period.

735 Ill. Comp. Stat. 5/13-213(b) (emphasis added). "Seller" is defined to mean "one who, in the course of a business conducted for the purpose, sells, distributes, leases, assembles, installs, produces, manufactures, fabricates, prepares, constructs, packages, labels, markets, repairs, maintains, or otherwise is involved in placing a product in the stream of commerce." *Id.* at 213 (a)(4).

Defendant asserts in its Motion for Partial Summary Judgment on Count I ("Mot.") that "the first sale by Ford of this vehicle occurred on July 7, 1992, when Ford sold the vehicle to an authorized Ford dealer. . . . The vehicle was then sold to its 'initial user,' SA Calderon, on August 7, 1992." (Mot. at 4.) Assuming these facts are true, the twelve-year statutory repose period would expire on July 7, 2004 and the ten-year repose period would have expired on August 7, 2002, more than eleven months before Plaintiff filed her complaint. Because, in this scenario, the ten-year repose period "expires earlier," it would apply to Plaintiff's strict liability cause of action under the terms of the statute and, because Plaintiff has not attempted to

2

demonstrate the existence of a genuine issue of material fact regarding the applicability of any statutory exception, would bar this cause as untimely. *See Garza v. Navistar Int'l Transp. Co.*, 172 Ill. 2d 373, 378, 666 N.E.2d 1198, 1200 (1996); *see also Taylor v. Raymond Corp.*, 719 F. Supp. 738, 742-43 (N.D. Ill.), *aff'd* 909 F.2d 225, 227 (7th Cir. 1990) (per curiam).

However, Defendant's only support for its factual assertions that the Aerostar was sold to a Ford dealer on July 7, 1992 and that the "vehicle was then sold to its 'initial user,' SA Calderon on August 7, 1992," is Defendant's citation of a single unauthenticated document. (Mot. at 4.) Although Defendant's motion describes the document as a "business record of Ford," no affidavit from a person qualified to introduce the document as evidence at trial, or other proper form of authentication, was provided to establish the document's admissibility as a business record. For this reason, the document cannot support the rendering of summary judgment. *See Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000) ("Normally, to demonstrate such trustworthiness and reliability at the summary judgment stage, the party seeking to offer the business record must attach an affidavit sworn to by a person who would be qualified to introduce the record as evidence at trial . . . ."); *see also Martz v. Union Labor Life Ins. Co.*, 757 F.2d 135, 138 (7th Cir. 1985) ("The correspondence Martz filed with the district court was not supported by affidavit or otherwise authenticated . . . . The district court could not properly have relied upon the exhibits . . . .").

Relatedly, Defendant also failed to supply a statement of material facts in support of its Motion in conformity with the requirements of Local Rule 56.1. Despite the provisions of Rule 56.1 that require the movant to submit a statement of material facts (supported with specific references) that the movant asserts entitle it to summary judgment, Defendant's two paragraph

3

"Statement of Relevant Facts" neither identifies "SA Calderon" as the Aerostar's initial user, nor cites to any evidentiary support whatsoever, not even the unauthenticated document discussed above. As a result, there is no proper factual foundation for the Motion. *See Smith v. Lamz*, 321 F.3d 680, 682 (7th Cir. 2003) ("Under Local Rule 56.1, the defendants, as movants for summary judgment, were required to submit in support of their summary-judgment motion a statement of material facts, comprised of short numbered paragraphs with citations to admissible evidence . . . .").

Because of this factual ambiguity, Defendant's Motion for Partial Summary Judgment on Count I of Plaintiff's Complaint is denied. It appears that Defendant will likely prevail on this Count at trial, but the Count is not properly subject to dismissal on the basis of the summary judgment record submitted. *See, e.g., Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000); *Joseph T. Ryerson & Son, Inc. v. Plastech Engineered Prods., Inc.*, No. 01 C 5878, 2003 WL 21659684, at *1 (N.D.Ill. July 15, 2003).

_____
Mark Filip
United States District Judge
Northern District of Illinois

Enter: APR 5 2004

4